## Green v. Southeastern Pennsylvania Transportation Authority

*S. I. Leabman,* for plaintiff.

*J. Ciamaichelo* and *A. T. McWilliams,* for defendant.

GUARINO, *J.,* December 8, 1976—On June 28, 1976, this court granted plaintiff's motion to dis-

miss objection to plaintiff's interrogatories which sought to discover the accident report made by its driver employe. In the memorandum supporting the ruling, the court held that where a party objects to an interrogatory on the ground that the matter sought to be discovered comes within the protection afforded by Pa.R.C.P. 4011, the burden is upon him to prove that the matter sought comes within the protection of the rule; that the burden is not met by a bare verbatim recitation of the pertinent clause of the rule.[1]

In defendant's petition for reconsideration of the order of May 28, 1976, there is attached a supportive affidavit verifying defendant's pre-determined policy of requiring employes to make written reports on all occurrences involving defendant's property and interest. These reports form the basis for assessment and for more thorough investigations. The affidavit confirms that the incident reports are automatically and routinely made by noninvestigative employes. That these reports are prepared as a matter of policy or in the usual course of business does not qualify them for protection from discovery: Hirsch v. City of Philadelphia, 17 D. & C. 2d 461, 465 (1958); Philber Lehigh Co. v. Canada Dry Bottling Co. of Lehigh Valley, 17 D. & C. 2d 356 (1958); Holowis, Admx. v. Philadelphia Electric Co., 38 D. & C. 2d 260 (1966). On the contrary, as I stated in the original memorandum, the very routine and effortless means by which they were obtained and prepared marks them as discoverable.[2] Moreover, the fact that the event which the report depicts subsequently becomes the subject of

---

1. See opinion by Judge Guarino, June 28, 1976.
2. See supra opinion filed in this case on June 28, 1976, Guarino, J.

a suit does not mean that the report is prepared in anticipation of litigation and privileged under Pa.R.C.P. 4011: Leto v. City of Phila., 19 D. & C. 2d 53 (1959).

Ironically, petitioner acknowledges that its employe may be deposed on the incident on oral deposition, but the written report which embodies that same information is not discoverable. Surely, discovery does not depend on such a tenuous distinction as the difference between oral deposition and written interrogatories. There is little if any difference between the two methods of discovery. Both methods are available to either party, simultaneously and/or consecutively, as to any matter which is relevant to the subject matter of the litigation and which will substantially aid a party in the preparation of his pleading or trial, Pa.R.C.P. 4003, 4005 and 4007, subject only to limitations outlined in rule 4011.

On the same issue in an identical factual situation, Judge Prattis, in Brunson v. Southeastern Pennsylvania Transportation Auth., 68 D. & C. 2d 422 (1975), reached the same conclusion, albeit by a different route. The language he used therein, pages 424-25, is particularly and equally applicable:

"As to the report of a SEPTA bus operator, such as the one sought to be discovered here, it appears that while its prime purpose is used by the SEPTA Claim Department, it is clearly a routine report which must be prepared by the operator, in his own hand, after numerous types of incidents, not just accidents resulting in personal injuries of passenger, pedestrians or persons in other motor vehicles. Further, there is some evidence in the record that these reports must be filed with the Pennsylvania

Public Utility Commission. Thus, it is concluded that this report is the result of a routine duty which must be carried out by the defendant SEPTA's employe, and not a report made specifically in anticipation of litigation."

Accordingly, the petition for reconsideration of the ruling of June 28, 1976, is denied, and we issue the following

### ORDER

And now, December 8, 1976, it is ordered and decreed that plaintiff's motion to dismiss defendant Southeastern Pennsylvania Transportation Authority's objection to plaintiff's interrogatories is granted, and defendant is ordered to file responsive answers to interrogatories in accordance with this opinion within 20 days.